UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK E. PETERSON,

        Plaintiff,

      v.                                           Case No. 23-cv-1579-bhl

AMBER GRAHAM,
MELISSA OTHMER,
STEVEN LAUNDERMAN, and
JUDGE JOHN FRANKE,

        Defendants.

---

## SCREENING ORDER

      Plaintiff Mark E. Peterson, who is currently incarcerated at Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Peterson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Peterson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Peterson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $16.70. Peterson's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

**ALLEGATIONS OF THE COMPLAINT**

According to Peterson, in August 1996 he signed a plea agreement agreeing to one year of imprisonment followed by one year of probation. Peterson claims that, instead, Judge John Franke sentenced him to a term of thirty-two years imprisonment. Peterson also asserts that in November 1996 he was instructed to sign a document stating that his Islamic name is Ali Wahad and that he committed armed robbery in New Jersey. Peterson agrees that Ali Wahad is his Islamic name, but he disputes that he committed the armed robbery, so he refused to sign the paper. Peterson asserts that he lost at trial but was out on bail and did not return for sentencing, so the judge in that case sentenced him to forty years in a New Jersey state prison. Dkt. No. 1 at 2-3.

Peterson next asserts that he was finally up for parole in 2004, but he was denied parole several times after being accused of lying about the armed robbery and because he had been arrested for possession of cocaine. According to Peterson, in 2015, he decided to lie about his involvement in the robbery because he concluded he was going to die in the penal system anyway. Peterson states that he took a plea for one year; he was sent to New Jersey on November 10, 2015. Peterson asserts that once he arrived in New Jersey he was asked to sign a release stating that New Jersey would not be liable in any kind of lawsuit. He was allegedly told he would be released within 72 hours of signing. Peterson states that he refused to sign and was then held for an additional seventeen months and released in April 2017. Dkt. No. 1 at 3, 7.

Next, Peterson states that in July 2022 he was given a new parole agent, Amber Graham, who called him a liar. Peterson asserts that he was afraid to tell her that his son who then lived in New York was dying. In August 2022, Peterson went to New York to bury his son. He states that

3

he attempted to see his grandson but was detained for trespassing. Peterson asserts he was held for fifteen months even though the maximum sentence for the crime he was charged with was only 90 days. Peterson was finally extradited to Milwaukee on November 3, 2023. He states that Graham is attempting to send him back to prison on a parole violation. He notes that he is 67 years old and has been incarcerated for more than 21 years and has never really had an opportunity to be a productive member of society. Dkt. No. 1 at 8-9.

Peterson asks that he be immediately released, that the remainder of his parole be "dropped," that his record be expunged, and that he be awarded $50,000,000 in damages. Dkt. No. 1 at 4.

### THE COURT'S ANALYSIS

Peterson requests various forms of relief, none of which this Court may grant. First, it appears that Peterson is currently being held for alleged parole violations, but revocation proceedings have not yet been completed. Peterson demands immediate release, suggesting that he wants the Court to put a stop to those proceedings. But principles of equity, comity, and federalism preclude federal courts from hearing cases that interfere with ongoing state proceedings. *See SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 678-79 (7th Cir. 2010). Accordingly, the Court will not interfere in Peterson's state revocation proceedings.

Also, when a prisoner challenges "the fact or duration of his confinement," habeas corpus, not §1983, is the proper path. *See Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). To be clear, any rules of supervision or conditions of his parole are part of Peterson's sentence because they "define the perimeters of [his] confinement." *Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) (citations omitted). Thus, to the extent Peterson wants to undo the effects of his state court conviction or the conditions

4

of his probation, he must do so in a petition for a writ of habeas corpus under 28 U.S.C. §2254, not in a §1983 action.

Finally, when a plaintiff seeks damages in a §1983 action, and judgment in his favor would "necessarily imply the invalidity of [his] conviction or sentence[,]" the complaint must be dismissed unless the plaintiff can show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Morgan*, 914 F.3d at 1119 (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Here, granting Peterson's request for damages based on his allegations that he was wrongly imprisoned, would necessarily imply the invalidity of his conviction and/or sentence. Given that Peterson's conviction has not been reversed, expunged, or declared invalid, he fails to state a cognizable §1983 claim.

For all these reasons, this action will be dismissed. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Given the relief Peterson seeks, he cannot state a cognizable claim under §1983. Accordingly, it would be futile to allow him to file an amended complaint.

**IT IS THEREFORE ORDERED** that Peterson's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint, in which Peterson challenges his conviction and probation hold, are **DISMISSED without prejudice**.

5

**IT IS FURTHER ORDERED** that the agency having custody of Peterson shall collect from his institution trust account the $333.30 balance of the filing fee by collecting monthly payments from Peterson's prison trust account in an amount equal to 20% of the preceding month's income credited to Peterson's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Peterson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Peterson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 12, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

6